UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN C. ANINOS,

      Plaintiff,

                           CASE NO. 06-CV-12633-DT
                           JUDGE NANCY G. EDMUNDS
                           MAGISTRATE JUDGE PAUL J. KOMIVES

v.

ALLIED INTERSTATE, INC.,

      Defendant.

_____/

### ORDER DENYING IN PART AND DEEMING WITHDRAWN IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY (Doc. Ent. 15)

**A.   Introduction**

Plaintiff has filed a complaint alleging violations of the Fair Debt Collection Practices Act. On October 13, 2006, defendant filed a motion to compel discovery regarding its September 11, 2006 interrogatories and requests for production of documents directed to plaintiff. (Doc. Ent. 15). On the same day, Judge Edmunds referred this motion to me for hearing and determination.

Plaintiff provided answers to the interrogatories and requests for production of documents on October 18, 2006. On October 19, 2006, defendant filed a supplemental brief in support of its motion to compel discovery pursuant to E. D. Mich. LR 37.2 ("Form of Discovery Motions"). My deputy clerk noticed the hearing on this matter for November 3, 2006. Plaintiff filed a response to defendant's motion to compel discovery and supplemental motion to compel on October 27, 2006.

On November 2, 2006, plaintiff provided defendant with supplemental answers to

defendant's interrogatories and requests for production of documents. On the date set for hearing,[1] defense counsel informed the Court that there was no dispute regarding the production of documents; however, there was a dispute as to plaintiff's answers to interrogatory numbers 7, 8 and 20.

**B.     Analysis**

1.      Interrogatory number 7 seeks "a specific itemization of all attorneys' fees and costs incurred by Plaintiff as a result of the conduct of Allied Interstate, Inc., including the hourly rate charged by each attorney and the nature of the work performed by such attorney." Plaintiff responded: "Plaintiff's attorney fees and costs are relevant only to the remedy awarded. There is not relevance to providing fees that when written down, will be incorrect the next time Plaintiff's counsel picks up the file. What is the relevance as to whether Defendant violated the FDCPA. This is another form of the harassment Plaintiff suffered through this collection ordeal. The attorney does not fall far from the client tree." At the hearing, plaintiff's counsel informed defense counsel that the hourly rate was $275.

After hearing the parties' arguments, I ruled that plaintiff's response to interrogatory number 7 was, at this point, adequate. Plaintiff will have to furnish this information with his petition for attorney fees following a jury verdict in his favor.

2.      Interrogatory number 8 asks plaintiff to "set forth with specificity all monetary damages Plaintiff claims to be entitled to as a result of Allied's acts or omissions, including how you claim Allied caused the damages and how you intend to prove that you have suffered such damages." Interrogatory number 20 asks "[w]ith regard to Plaintiff's claim for non-statutory

---

[1] Attorney Barry S. Sigman appeared on plaintiff's behalf, and attorney Adam B. Kutinsky appeared on defendant's behalf.

damages of $9,000 for the 'First Complaint' and $4,000 for the 'Second Complaint,' please state with specificity each fact in support of said claimed damages, and identify each individual that will testify in support of such damages." The response to these questions was as follows:

> Severity of injuries in first case led to the damages at that time including fees and costs. In the second case, Defendant contacted Plaintiff even though Plaintiff was represented by an Attorney. There is no undue prejudice here. This is mere harassment similar to what Plaintiff is suffering through prior to the lawsuit. The make up of the Demand includes, fees, worry, anxiety, nervousness and insomnia caused by Defendant's representative Anthony Stout harassing Plaintiff at home and then threatening his employment by calling Plaintiff's Boss. Mr. Stout threatened Plaintiff with an administrative garnishment of Plaintiff's workplace without any basis or following procedure set up by the Dept. of Education. The threat was but of the harassment Plaintiff suffered and now the harassment continues with these questions.

Oral argument revealed that plaintiff had yet to be deposed. Furthermore, defense counsel admitted that he has been furnished with plaintiff's witnesses.

At this point, plaintiff is not required to provide a further response to interrogatory numbers 8 and 20. This information may be sought during plaintiff's deposition. If, after deposing plaintiff, defendant feels it has not received the information it sought in these interrogatories, it will be permitted leave to submit additional interrogatories concerning that subject matter.

**3.** As an additional matter, defense counsel asked whether, with respect to interrogatory number 5, the Court would be obliged to ask plaintiff to provide his hourly compensation. Interrogatory number 5 asks "whether nor not Plaintiff lost time from any place of employment as a result of the alleged incident. If so, please state each date the work was missed, and for each date, the number of hours or days missed from his job." Plaintiff's supplemental answer lists five dates totaling seventeen and one-half hours. During the motion hearing, I stated that hourly

compensation, too, would be an issue that could be addressed at plaintiff's deposition.

**C.     Order**

Consistent with my rulings at the November 3, 2006 motion hearing, defendant's motion to compel (Doc. Ent. 15) is DENIED to the extent it seeks further responses to interrogatory numbers 7, 8 and 20.  The motion is also DENIED to the extent it seeks an award of reasonable attorney fees and costs.  In all other respects, the motion is DEEMED WITHDRAWN.

IT IS SO ORDERED.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:   November 8, 2006

**Proof of Service**

The undersigned certifies that a copy of the foregoing **Order** was served on the attorneys of record herein by electronic means or U.S. Mail on **November 8, 2006.**

s/Kim Grimes
Acting in the absence of
Eddrey Butts, Case Manager